IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


THOMAS M. CUSICK,

    Plaintiff,

vs.                                                 Case No. 4:14cv231-WS/CAS

JOHN DOE,

    Defendant.

_____/


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, filed an amended civil rights complaint under 42 U.S.C. § 1983 on July 23, 2014. Doc. 9. Plaintiff has now dismissed the Secretary of the Department of Corrections as a Defendant from this action. *Cf.* Doc. 1. The only remaining named Defendant is located at Belle Glade Community Hospital and is listed as "John Doe." Doc. 9 at 2. Plaintiff's allegations concern an alleged denial of medical care after Plaintiff was "involved in an altercation and suffered a severe trauma to his right ear . . . ." *Id.* at 5-6. Plaintiff asserts the doctors at the Hospital committed medical malpractice, and he advises that staff within the Florida Department of Corrections "is in no way at this juncture, a party to this action." *Id.* at 5.

Plaintiff alleges that after the altercation on May 24, 2012, his "ear was hanging/dangling from the side of his head . . . ."  Doc. 9 at 6.  Staff at South Bay Correctional Facility temporarily stitched the ear in place and transported him to the Hospital.  An unknown doctor, the John Doe Defendant, completed the stitches and took x-rays and "an M.R.I. (Cat-scan), to verify if indeed there was any further damage."  *Id.*  John Doe advised there were no other injuries and Plaintiff was released back to the Department of Corrections.  *Id.*  When Plaintiff returned, he was placed in confinement, and alleges he began complaining of "problems with his head and neck," including hearing grinding noises in both ears.  *Id.*  Staff at the institution told Plaintiff that John Doe from the Belle Glade Community Hospital advised that Plaintiff had no further injuries, according to the M.R.I.  *Id.*

Over a year later, on October 2, 2013, Plaintiff fell down a flight of stairs at Martin Correctional Institution.  *Id.* at 6.  He was transported to the infirmary in a wheelchair and x-rays were taken.  *Id.*  Eventually, Plaintiff was transported to Martin Memorial Hospital and "another John Doe Doctor performed another MRI (cat-scan)."  *Id.*  That doctor expressed shock when viewing the MRI results and told Plaintiff it was a miracle that he was not paralyzed.  *Id.*  Plaintiff alleged that "immediate neck surgery was required . . . to correct the 'old' fracture that went unattended."  *Id.*  The second John Doe Doctor from Martin Memorial Hospital also allegedly told Plaintiff that he would not be "permanently disabled today" if the doctor at Belle Glade Community Hospital had performed surgery to correct the original fracture.  *Id.* at 7.  Plaintiff alleges that it was medical malpractice for the first John Doe Doctor to have not given him appropriate treatment.  Plaintiff also contends that the second doctor performed surgery and put a

plate around the "old and new" fractures in Plaintiff's neck. Doc. 9 at 7. A week later, another surgery was performed on Plaintiff's ankle. *Id.*

Plaintiff claims that he now suffers, and will continue to suffer life long, from the severe and painful injury which limits his life activities because of the medical malpractice committed by the John Doe Doctor at Belle Glade Community Hospital. *Id.* at 8. Plaintiff seeks punitive and compensatory damages and requests payment for his future medical expenses. *Id.*

While the events about which Plaintiff desires to litigate did not transpire in the Northern District of Florida, there is no need to transfer this case to the Southern District of Florida. Plaintiff's complaint alleges a claim for medical malpractice, not an Eighth Amendment violation and, moreover, the named John Doe Defendant is a private physician employed at a hospital and not a "state actor."

Deliberate indifference to the serious medical needs of sentenced prisoners violates the Eighth Amendment's prohibition of cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Medical malpractice does not constitute deliberate indifference. Estelle, 429 U.S. at 106, 97 S. Ct. at 292. The concept of deliberate indifference entails something more than negligence, but is satisfied by something less than actions undertaken with an intent to cause harm. Farmer v. Brennan, 114 S. Ct. 1970, 1978 (1994). Plaintiff's allegations do not reveal that his Eighth Amendment rights were violated. Instead, he has alleged nothing more than medical malpractice or negligence. Those are state law claims only and this Court does not have jurisdiction over such claims because there is no diversity between the parties.

Moreover, Plaintiff cannot proceed in this case as filed because the only named Defendant who is alleged to harm him is not a "state actor," but a physician at a local hospital. To state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985). Plaintiff must demonstrate "both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998), *quoted in* Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). Plaintiff has not met either requirement. This case should be dismissed for failure to state a claim upon which relief may be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 9, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on August 12, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.